(Reap. Dec. 8872)

JOSEPH TANOUS *v.* UNITED STATES

Entry No. 95, etc.

(Decided June 25, 1957)

*Stein & Shostak (Marjorie M. Shostak* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (Richard H. Welsh, trial attorney), for the defendant.

JOHNSON, Judge: The appeals for reappraisement, listed in schedule "A," attached hereto and made a part hereof, consolidated at the trial,. involve chewing gum imported from Mexico in February, March, and April 1945. The merchandise involved in the first five appeals was invoiced at 2.75 Mexican pesos per carton of 50 pieces, entered at 3 Mexican pesos per carton of 50 pieces, and appraised at 6.50 Mexican pesos per 100 pieces. In the last three appeals, the merchandise was invoiced at 2.75 Mexican pesos per carton of 50 pieces, entered at 3.25 Mexican pesos per carton of 50 pieces, and appraised at 7.50 Mexican pesos per 100 pieces.

At the trial, the following statements were made by counsel for the respective parties:

MISS SHOSTAK: In these cases, Your Honor, the merchandise consists of chewing gum imported from Mexico, and I offer to stipulate that the merchandise involved in these cases consists of chewing gum composed in chief value of chicle, refined or advanced in value by drying, straining, or other process or treatment beyond that essential to proper packing.

MR. WELSH: The Government so concedes, upon the advice of the Appraiser, Mr. Ornes.

MISS SHOSTAK: I respectfully request that this stipulation be entered in the record for the information of the Collector when the entries come to liquidation, since it is our contention, and I believe it is not disputed by the Government, that the merchandise is a manufactured article not enumerated in the Tariff Act, composed of two or more materials, and that it is subject to the assessment of duty by virtue of the mixed materials clause of paragraph 1559, of the Tariff Act of 1930, as it was in effect at the time of these importations, at a specific rate of duty under paragraph 25, of the Tariff Act of 1930.

MR. WELSH: Upon the advice of the appraiser, Mr. Ornes, and the Deputy Collector in Charge of the Liquidating Division, Mr. Hoffman, the Government so stipulates.

MISS SHOSTAK: Your Honor, in view of the fact that the merchandise in these cases is subject to duty under rulings of the court which became effective after these importations were entered at a specific rate rather than an ad valorem rate

as originally advisorily returned by the examiner at or about the time of the entries, the value of the merchandise for duty purposes becomes immaterial, and for that reason, and upon this statement, and the stipulation of counsel, which we request be made a matter of record, plaintiff abandons its appeals for reappraisement in these eight cases.

The only question before the court in this proceeding is the value of the merchandise. Since no evidence has been presented on this issue and since the appeals for reappraisement have been abandoned, the appeals are dismissed.

Judgment will be rendered accordingly.